STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY CARR, WIDOW OF
CLIFFORD W. CARR (DECEASED),**
Claimant Below, Petitioner

**vs.)   No. 12-0344**  (BOR Appeal No. 2045958)
                               (Claim No. 720045318)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
Commissioner Below, Respondent

**and**

**ROYAL COAL COMPANY,**
Employer Below, Respondent

**MEMORANDUM DECISION**

Petitioner Betty Carr, widow of Clifford W. Carr, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 16, 2012, in which the Board affirmed an April 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 3, 2009, decision denying Mrs. Carr dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Clifford W. Carr worked as a coal miner for Royal Coal Company and was granted a 15% permanent partial disability award in 1973, based on his exposure to the hazards of occupational pneumoconiosis. On May 1, 2008, Mr. Carr died. His death certificate listed the cause of death as a cerebrovascular accident. Following his death, Mrs. Carr applied for dependent's benefits. The claims administrator denied her application based on the findings of the Occupational Pneumoconiosis Board. Dr. Oliver then issued a report, stating that the acuity of the pleuro-pulmonic disease did contribute to Mr. Carr's death. He further stated that Mr. Carr's chronic respiratory insufficiency began with exposure to coal and smoking. A hearing was then conducted before the Office of Judges in which the Occupational Pneumoconiosis Board was asked to consider Mr. Carr's death certificate, the report of Dr. Oliver, and Mr. Carr's prior permanent partial disability award for occupational pneumoconiosis. The Occupational Pneumoconiosis Board testified that Mr. Carr died as a combined result of a number of chronic ailments including chronic obstructive pulmonary disease and recurrent infections. But the Occupational Pneumoconiosis Board found that none of the conditions that contributed to Mr. Carr's death were caused by occupational pneumoconiosis. The Occupational Pneumoconiosis Board testified that Mr. Carr may have had occupational pneumoconiosis but the evidence did not demonstrate that it was a material contributing factor in his death. On April 25, 2011, the Office of Judges affirmed the claims administrator's denial of Mrs. Carr's application for dependent benefits. The Board of Review then affirmed the Order of the Office of Judges on February 16, 2012, leading Mrs. Carr to appeal.

The Office of Judges concluded that it could not be determined that occupational pneumoconiosis was a contributing factor in Mr. Carr's death. The Office of Judges based its opinion on the findings and testimony of the Occupational Pneumoconiosis Board. The Office of Judges found that Mr. Carr had numerous health problems at the time of his death. The Office of Judges found that Dr. Oliver did not make a diagnosis of occupational pneumoconiosis and did not find that occupational pneumoconiosis was a material, contributing factor in Mr. Carr's death. The Office of Judges also found that Mr. Carr's prior 15% permanent partial disability award was not sufficient to demonstrate that occupational pneumoconiosis was a material, contributing factor in his death. The Office of Judges therefore found that Mrs. Carr was not entitled to dependent benefits from Mr. Carr's death. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Carr has not demonstrated that she is entitled to dependent benefits based on her husband's death. Mrs. Carr has not presented sufficient evidence to show that occupational pneumoconiosis contributed in any material degree to Mr. Carr's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II